I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO PETITIONER AT HIS RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: October 30, 2014

I. Gomez DEPUTY CLERK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

ANDRE LEDON BOOKER,

Petitioner,

v.

SANDRA ALFARO, Warden,

Respondent.

Case No. EDCV 14-02203 DDP (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## 1. BACKGROUND

Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by Andre Ledon Booker ("Petitioner"), a state prisoner proceeding *pro se*. Petitioner was convicted on March 16, 2006, following a jury trial in the California Superior Court for San Bernardino County, of second degree robbery and possession of a firearm by a felon. The jury also found true allegations that Petitioner had suffered fourteen prior strike convictions and four prior serious felony convictions. Petitioner was sentenced to a term of twenty-five years to life, plus twenty years, in state prison (case no. FVI023321).

///

The pending Petition raises one claim challenging Petitioner's sentence, specifically, the trial court's calculation of his pre-sentence credits. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## 2. DISCUSSION

### 2.1 Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### 2.2 Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

The Petition and Petitioner's relevant state court records[1/] establish the following facts. Petitioner was sentenced for the above offenses on May 16, 2006. On August 27, 2007, the California Court of Appeal affirmed the judgment (case no. E040552). The California Supreme Court then denied review of the court of appeal's decision on November 28, 2007 (case no. S156701). Petitioner does not allege, and it does not appear, that he filed a petition for certiorari in the United States Supreme Court. (State court records; *see also* Supreme Court Docket, available on the Internet at http://www.supremecourt.gov.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on February 26 2008, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on February 27, 2008, and ended on February 27, 2009. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until October 16, 2014 -- 2,057 days after the expiration of the limitations period.[2/]

---

[1/] The Court takes judicial notice of Internet records relating to this action in the superior court (available at http://openaccess.sb-court.org), and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2/] Pursuant to the "prison mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the Court's timeliness analysis, and absent any evidence to

(continued...)

Accordingly, absent some basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**2.3 Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). However, to qualify for statutory tolling, a state habeas petition must be filed before the expiration of AEDPA's limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Petition, attached exhibits, and Petitioner's state court records indicate he has filed three state habeas petitions challenging his conviction or sentence in case no. FVI023321, one in the superior court (case no. WHCSS900071), one in the California Court of Appeal (case no. E059800), and one in the California Supreme Court (case no. S219867), all of which were denied. (Pet. at 4; state court records.)

The first of those petitions, case no. WHCSS900071, was constructively filed in the superior court on February 20, 2009, and denied on March 18, 2009. (Pet. at 4; state court records); *see also Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir.

---

[2/] (...continued)
the contrary, the Court assumes Petitioner constructively filed the Petition by delivering it to the prison mail system on October 16, 2014, which is the date handwritten by a prison official on the back of the envelope containing the Petition.

2003) (the prison mailbox rule applies to *pro se* state habeas petitions). Given twenty-six days of statutory tolling for the time that petition was pending, the limitations deadline was extended from February 27 to March 25, 2009. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734. The pending Petition, constructively filed on October 16, 2014, is still untimely by 2,031 days.

Petitioner's second state habeas petition , case no. E059800, was not filed in the California Court of Appeal until October 15, 2013, 1,665 days after the extended limitations period expired. Petitioner is, therefore, not entitled to any statutory tolling for the pendency of that petition, or for his subsequent state habeas petition filed in the California Supreme Court on July 11, 2014. *Ferguson*, 321 F.3d at 823; *Webster*, 199 F.3d at 1259.

Finally, Petitioner is also not entitled to any interval tolling between the denial of his first state habeas petition and the filing of his second. On state collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006). Here, as already discussed above, Petitioner did not file his second state habeas petition until October 15, 2013, 1,672 days after the superior court denied his first state habeas petition on March 18, 2009. That interval was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable).

///

///

///

Based upon the foregoing, the Court finds Petitioner is only entitled to twenty-six days of statutory tolling. And, despite receiving that tolling, Petitioner's pending Petition is still time-barred.

**2.4 Alternative Start of the Statute of Limitations**

**2.4.1 State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

**2.4.2 Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

**2.4.3 Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

///

**2.5 Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply developed, and where it indicates that the [alleged extraordinary circumstance did not] cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the record is sufficient to permit the district court - and us on appeal - to evaluate the strength of the petitioner's [equitable tolling] claim, the district court does not necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant to 9th Cir. R. 36-3).

The Petition does not set forth any facts for equitable tolling.

///

///

///

///

# O R D E R

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **November 21, 2014**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request for Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: October 30, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE